UNITED STATE BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

James and Susan Jozwiak            Chapter 13
                                       Case No: 13-30606
                                       Honorable Daniel Opperman

         Debtor(s)

---

James Jozwiak,

         Plaintiff(s),
                                         Adv. Pro. No.:

v.

Ronald Jozwick

         Defendant.

---

COMPLAINT FOR TURNOVER OF GARNISHED WAGES

For their Complaint for Turnover of Garnished Wages, the Plaintiffs state as follows:

1. The Plaintiffs are the Debtors in the underlying Chapter 13 case.

2. This Court has subject matter jurisdiction in this Adversary Proceeding pursuant to 28 U.S.C. 1334.

3. The Adversary Proceeding is a core proceeding under U.S.C. 157 (b)(2)(F).

4. Venue is proper in this Court under 28 U.S.C. 1409.

5. Plaintiffs filed the underlying Chapter 13 case with this Court on February 25, 2013.

6. Defendant holds a state judgment against Plaintiff for an antecedent debt.

7. Defendant, through his attorneys, garnished the Plaintiff's pay for $5,141.01 pre petition, and within 90 days of the filing of the Chapter 13 petition.

8. Plaintiff contacted Defendant's attorneys in writing on or about March 7, 2013, and requested the return of the garnished funds.

9. In a letter dated April 8, 2013, Creditor's counsel stated their refusal to return the garnished funds.

10. The transfers were made for the benefit of the Defendant to satisfy an antecedent debt.

11. The transfers were made when the Plaintiff was insolvent.

12. The transfers enabled the Defendant to receive more than he would have received in a case under Chapter 7 of the Bankruptcy Code if the transfers had not been made and the Defendant received payment of the Plaintiff's obligation as provided by the Bankruptcy Code.

13. The Defendant held no security for repayment of the Plaintiff's obligation.

14. Upon information and belief, the Chapter 13 Trustee has not attempted to avoid the transfer.

15. Defendant was properly listed on Debtor's schedules.

16. Plaintiff properly listed the funds on Schedule B and exempted them on Schedule C.

17. Defendant is impairing the exemption to which Debtor is entitled.

18. Defendant is violating 11 USC Section 522(h), which allows Debtors to avoid a lien and recover a preferential transfer that impairs Debtor's exemptions.

19. Defendant is also violating 11 USC Section 547(c)(8).

20. The transfer constitutes a voidable preference within 11 U.S.C. 547(b).

WHERFORE, the Plaintiff asks that this Court enter a judgment in his favor, and which:

1. voids the transfer from the Plaintiff to the Defendant, pursuant to 11 U.S.C. 547(b);

2. directs the Defendant to return to the Plaintiff $5,141.01, together with interest from the date of filing this Complaint;

3. grants court costs and reasonable attorney's fees; and

4. grants such other relief as is just and equitable.

Respectfully submitted,

Simen, Figura & Parker, PLC

/s/ Colin M. Linsenman
By:   Colin M. Linsenman (P68390)
      Peter T. Mooney (P47012)
      Attorneys for Debtors
      5206 Gateway Centre #200
      Flint, MI 48507
      (810) 235-9000

Dated: April 23, 2013                Email: clinsenman@sfplaw.com